**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CoreCivic of Tennessee, | No. CV-21-00410-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Local 825 International Union, Security, Police and Fire Professionals of America, et al., | |
| Respondents. | |

In a previous order, the Court granted in part and denied in part Respondents' Motion to Dismiss Petitioner's Petition and Motion to Vacate Arbitrator's Award. (Doc. 22.) The Court dismissed Petitioner's claims that the arbitrator acted beyond the scope of the issues presented and that the arbitration award violated public policy, but agreed with Petitioner's contentions that the award did not draw its essence from the Collective Bargaining Agreement ("CBA"). Following its Order, the Court directed the parties to provide a joint status report (Doc. 23) and held a status conference to discuss a remedy (Doc. 26). Thereafter, the parties submitted supplemental briefing on the appropriate remedy. (Doc. 26-29.) This Order addresses the issue and will require that the matter be remanded to a new arbitrator.[1]

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

**I.**

The Court ordered the parties to file supplemental briefs analyzing whether the Court should remand the case to the same arbitrator, remand to a different arbitrator, or do nothing at all after formally vacating the arbitrator's award. (Doc. 26.) Respondents request that the Court remand this case to the same arbitrator who issued the underlying award. (Doc. 27 at 9.) Petitioners propose that the Court simply vacate the arbitrator's award and do nothing further or, alternatively, vacate the award and remand the matter to a different arbitrator. (Doc. 28 at 1-2.) For the following reasons, the Court will vacate the award and remand to a new arbitrator.

**II.**

**A.**

In the event of a defect in the proceedings on the part of an arbitrator, a "district court should formulate an appropriate remedy to provide for the resolution of the parties' differences by arbitration, including, if necessary, a procedure whereby a new arbitrator is selected." *Hart v. Overseas Nat. Airways Inc.*, 541 F.2d 386, 395 (3d Cir. 1976). Unlike judicial officers, "[a]rbitrators are not and never were intended to be amenable to the 'remand' of a case for 'retrial.'" *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 733 (9th Cir. 1982) (quoting *Washington-Baltimore Newspaper Guild, Loc. 35 v. Washington Post Co.*, 442 F.2d 1234, 1238 (D.C. Cir. 1971)). To this end, the Ninth Circuit has observed that:

> It is a fundamental common law principle that once an arbitrator has made and published a final award [her] authority is exhausted and [she] is *functus officio* and can do nothing more in regard to the subject matter of the arbitration. The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which [she] has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion. The continuity of judicial office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator, although even here the vast

>increase in the arbitration of labor disputes has created the office of the specialized professional arbitrator.

*McClatchy*, 686 F.2d at 734 (quoting *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir. 1967)).

In other words, policy discourages an arbitrator from redetermining an issue which she has already decided. *See La Vale Plaza*, 378 F.2d at 573; *see also Kyocera Corp. v. Prudential-Bache Trade Sers., Inc.*, 299 F.3d 769, 780 (9th Cir. 2002), *vacated on other grounds*, 347 F.3d 978 (9th Cir. 2003) (stating remand is inappropriate for "reexamination of the merits, or a modification of the award"). In the eventuality that the "parties [are] unable to agree to a different arbitrator, [the] District Court is entitled to appoint a neutral [one]." *Grand Rapids Die Casting Corp. v. Loc. Union No. 159., United Auto., Aerospace & Agr. Implement Workers of Am., UAW*, 684 F.2d 413, 416-17 (6th Cir. 1982) (suggesting remand to a new arbitrator).

**B.**

The Court previously found that the arbitrator sidestepped the plain language of the CBA. (Doc. 22 at 14.) As explained in the Court's previous Order, the arbitration decision's analysis and conclusion failed to draw its essence from the CBA. (*Id.*) The arbitrator's finding that CoreCivic lacked just cause to fire Ramirez simply ignored the CBA's plain language that a violation of work rules constitutes just cause for punishment up to and including termination. (*Id.*) The Court further held that the arbitration decision's lack of an express finding of unreasonableness in reducing Ramirez's punishment deviated from the plain language of the CBA, which required that such a finding be made. (*Id.*)

Under some circumstances, the district court may remand to the same arbitrator who issued the award. This often occurs where the arbitrator's decision requires clarification or completion. *See La Vale Plaza*, 378 F.2d at 573 (explaining that arbitrators are entitled to clarify ambiguities). Unlike those examples, the Court's decision to vacate the arbitration award here relates to the arbitration award's manifest failure to follow the plain language of the CBA. This represents a fundamental defect in the award, *i.e.*, that the award fails to

1  draw its essence from the CBA. As such, a remand to the original arbitrator would
2  constitute a remand that requires reevaluating the merits of the award. As noted,
3  reexamination of the merits is an improper rationale for remand to the same arbitrator. *See*
4  *Kyocera*, 299 F.3d at 780.

5        The Court finds that the defects in the arbitration award represent "a defect in the
6  proceeding . . . [allowing the Court to] formulate an appropriate remedy to provide for the
7  resolution of the parties' differences by arbitration, including, if necessary, a procedure
8  whereby a new arbitrator is selected." *Hart*, 541 F.2d at 393-94. While the Court should
9  clarify that it does not doubt the arbitrator's good faith, the award heavily relies on
10 substantial deviation from the CBA's language such that a remand risks impairing the
11 appearance of impartiality. *See Kennametal, Inc. v. United Steelworks of Am., ALF-CIO*,
12 262 F. Supp. 2d 663, 671 (W.D. Va. 2003), *aff'd sub nom. Kennametal, Inc. v. United
13 Steelworkers of Am., AFL CIO CLC*, 96 F. App'x 851 (4th Cir. 2004); *see also Grand
14 Rapids*, 684 F.2d at 416-17.

## C.

16       The parties are directed to follow the procedure set forth in the CBA to select a new
17 arbitrator. That is, the parties shall request a list from the Federal Mediation and
18 Conciliation Service of seven (7) arbitrators from Arizona and the immediate surrounding
19 states. The parties shall select therefrom one (1) arbitrator by alternately deleting names
20 from the list until a last name remains. Within thirty (30) days of this Order, the parties
21 shall file a joint notice of the selection of a new arbitrator that was selected in accordance
22 with the CBA's procedure. In the event the parties are unable to select a new arbitrator
23 according to this procedure, the parties shall file joint motion requesting that the Court
24 appoint an arbitrator from a list a of three (3) proposed by CoreCivic and three (3) proposed
25 by the Union. Should this latter motion be filed, the motion shall include sufficient
26 information about the proposed arbitrators (i.e., biography, website, etc.) for the Court to
27 make an informed decision.

### III.

Accordingly,

**IT IS ORDERED** vacating the arbitrator's opinion and award.

**IT IS FURTHER ORDERED** that the matter is remanded to a new arbitrator to be selected by the parties according to the procedure set forth in the Collective Bargaining Agreement.

**IT IS FURTHER ORDERED** that should the parties be unable to select a new arbitrator through the procedure set forth in the Collective Bargaining Agreement, the parties shall file a joint motion, as described above, asking the Court to select a new arbitrator.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment and consistent with this Order.

Dated this 21st day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge